[The two following cases should have been inserted in September Term, but were mislaid at the time the cases of that Term were printed.]

## ANDREW PHILLIPS *v.* LOTT PHILLIPS.

1. Where a judgment is entered against a defendant upon a *cognovit actionem,* and is afterwards set aside by the court in which the judgment was entered, a certiorari will not lie to remove the proceedings into the Supreme Court.

2. Where writ of error or certiorari is the proper remedy.

---

A judgment had been entered in the Court of Common Pleas of the county of Hunterdon, in favor of Andrew Phillips against Lott Phillips, upon the voluntary appearance of the defendant and a *cognovit actionem ;* and upon the application of the creditors of Lott Phillips, a rule was granted by the Court of Common Pleas to shew cause why the judgment should not be set aside; and after argument, the judgment was set aside. A writ of certiorari was then sued out by virtue of which the proceedings were brought into the Supreme Court.

Upon opening the matter to this court, a preliminary question was raised by the counsel for the creditors, whether the writ of certiorari would lie in a case like the present ?

*Wall,* for the plaintiff in certiorari, contended that a certiorari was the proper remedy in this case; that the proceedings in this case were of a summary nature and in a new-course different from those of the common law, and in all such cases a certiorari and not a writ of error lies. 1 *Arch. Prac.* 208; 1 *Salk.* 144, 263; 1 *Lord Raym.* 469. To shew that a writ of error would not lie, he cited 2 *Bac. Abr. tit. error; A.* 3 *page* 452; 2 *Coke,* 288, *b ;* and that a certiorari lies in all cases where a writ of error does not, 1 *Jac. Law Dic.* 411; *Tit. Certiorari;* 2 *Lil. Abr.* 363. The office of the writ of certiorari is various according to the end to be answered by it. It lies to remove proceedings before judgment, 4 *Term Rep.* 499; and it may issue and perform the same office as a habeas corpus, 14 *John.* 323.

Wherever the court proceeds according to the course of the common law, yet if in any stage of the proceedings it acts in a summary manner a certiorari will lie; but there appears to be this distinction as to allowing them, that where the cause has been tried they are not a matter of course; in all other cases they are. To shew that the Court of Common Pleas was a court of limited jurisdiction he cited, 1 *Halst. Appendix, A.* 3. *Saxton* and *Ewing* contra. The idea that a certiorari lies in this case is altogether novel. The common law has provided a remedy in cases of this kind by writ of error. And it is only in cases were a writ of error will not lie that a certiorari does: *Co. Lit.* 283, *b ;* 2 *Bac. Abr.* 450; *Tit. Error A,* 2. The writ of certiorari is used both in civil and criminal cases, and the same general principles will be found pervading the whole. Where the proceedings are conducted according to the ancient course of the common law the certiorari is used. But it is always used before judgment and never after, 4 *Bl. Com.* 320. In criminal proceedings after judgment this writ is never used, where the proceedings are according to the course of the common law—where the proceedings are not according to the course of the common law, and are of a summary nature

there, a certiorari may be used in the nature of a writ of error, and in the *place of* a writ of error; and this as well in civil as in criminal proceedings, 1 *Arch. Prac.* 1; 2 *Bac. Abr. Tit. error, A,* 3. Where a new jurisdiction is erected by act of parliament and the proceeding is according to the common law a writ of error lies, but where the proceeding is summary a certiorari lies. *Comyn's Rep.* 76; 5 *Bur. Rep.* 24.

There is nothing in any of the cases cited by the adverse counsel which impugns this doctrine, except the case from Lilly's abridgment, and that when rightly understood does not militate against it. There the certiorari was to an *inferior* court. But the idea of an inferior court in England is altogether different from our idea of an *inferior* court. In England an inferior court cannot grant a new trial or set aside a verdict. But our courts of common pleas are in the practice of doing this, and it has been sanctioned by the Supreme Court, 1 *Halst. Rep.* 157.

Our courts of common pleas are not inferior courts as that term is understood in England, 5 *Cranch* 184; and therefore a certiorari will not lie to remove their proceedings after judgment, *Bac. Abr. Tit. Certiorari, A.* 559, *B.* 561, *H.* 571, *K.* 574.

The cases cited from 2 *Bac. Abr. Tit. Error, A.* 2 *page* 452, merely shew that a writ of error will not lie; but they do not prove that a certiorari will. It is said that error will not lie on a motion for summary relief, 1 *Bin. Rep.* 222, 4 *Cranch.* 324, 2 *Mass. Rep.* 488. The meaning of this term *summary* is, such proceedings as are not according to the course of the common law, 4 *Bl. Com.* 280, or in other words proceedings may be called regular or summary. Wherever a court acts or professes to act upon common law principles its proceedings are called *regular,* and not summary, however expeditious they may act. But where a court of ancient common law jurisdiction is by some law authorized to act different from the common law mode; it is called a summary proceeding.

In the present case the court of common pleas when it set aside the judgment against Lott Phillips, was not acting different from the course of the common law—it was acting or professing to act according to common law principles and in a common law mode. It may be said that the court had no power to set aside the judgment, but that does not alter the case, nor does it prove that a certiorari will lie; nor does it by any means follow that because a writ of error will not lie that a certiorari will. There are a great many cases where neither will lie, as if a court should quash a writ, set aside a judgment by default, grant or refuse a new trial, strike a count out of a declaration, change a venue, &c., 12 *John. Rep.* 49.

The court, after taking time to deliberate, ordered the writ of certiorari issued in this case to be quashed.

Writ quashed.